BANKS *et al. vs.* ZELLNER *et al.*, executors.

Where, within seven years from the rendering of a judgment, an execution was issued and an entry of levy was made by the sheriff, which levy was dismissed by the court, this was sufficient to prevent the judgment from becoming dormant. ·

February 26, 1887.

Judgments. Statute of Limitations. Before Judge BOYNTON. Monroe Superior Court. August Term, 1886.

On December 31, 1877, a *fi. fa.* in favor of Thomas Dewberry against Joseph R. Banks, principal, and William B. Davis, security, was levied on certain property as the property of Davis, who interposed an affidavit of illegality on several grounds, all of which, the court states in his judgment, were dismissed on demurrer or withdrawn, except one. That one set up that the *fi. fa.* was barred by the statute of limitations, seven years having elapsed between the time of its issuance and the time of making a legal entry thereon by a proper officer. The *fi. fa.* was dated November 23, 1866, and was for a principal amount, and interest calculated to September 1, 1866. · It stated that it was based upon a judgment lately recovered. There were two credits entered on the *fi. fa.*, both dated April 1, 1868. On August 26, 1873, there was an entry of a levy by the sheriff. At the August term, 1877, of the superior court, this levy was ordered to be dismissed on the ground

that no written notice thereof had been given. The present levy was dated December 31, 1877.

The case was submitted to the presiding judge without a jury. He overruled the affidavit of illegality, and ordered the *fi. fa.* to proceed. The defendants excepted.

A. D. HAMMOND; T. B. CABANISS, for plaintiffs in error.

E. W. BECK ; W. D. STONE, for defendants.

BLANDFORD, Justice.

The question in this case is, whether a judgment is dormant upon which a writ of execution issued within seven years, and upon which the sheriff returned that he had levied the same on certain property, which levy had been dismissed by the court, this return of the officer being within seven years from the return of the judgment.

We think it is quite clear that the judgment is not dormant, under section 2914 of the code, which says that no judgment shall be enforced after the expiration of seven years from the time of its rendition, when no execution has been issued upon it; or when execution has been issued, and seven years have expired from the time of the last entry upon the execution, made by an officer authorized to execute and return the same.

This section of the code was taken from an act approved December 22, 1823, and is almost in the same words. This act of 1823 is an amendment to the act of December 19th, 1822; and the preamble to this act recites that " a contrariety of decisions having taken place in the different circuits of this State, as to the time when the property of a person against whom a judgment is entered shall be bound, and dormant judgments being collusively kept open or made the instruments of fraud on innocent purchasers, and often operate oppressively on vigilant and *bona fide* creditors," it enacts, etc.

The fact that an entry of a levy upon an execution by

the sheriff, that is to say, that an entry is made within
seven years from the rendition of the judgment upon
an execution which has been issued within seven years
from its rendition, shows it not to be dormant; and it shows
that, while the execution may have slept for a while, it
has waked up; that it is active and alive, and puts all per-
sons upon notice that it is a living thing and has vitality;
and such has been the tenor of the decisions of this court
from the beginning.   Dismissal of the levy by order of the
court, or by order of the plaintiff, will make no difference,
as it is the entry of the officer which gives to the judg-
ment vitality and activity from the time of such entry.
*Vide* 39 *Ga.* 49; 10 *Id.* 184; 61 *Id.* 363; *Stanley vs. Mc-
Whorter* (present term).

Judgment affirmed.